STATE, DEPARTMENT OF HIGHWAYS, v.
GLEN THEODORE PHERSON.

176 N. W. (2d) 127.

April 3, 1970—No. 41980.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James M. Kelley* and *Michael Schwab,* Special Assistant Attorneys General, for appellant.

*Morley Friedman,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

On May 10, 1968, at 1 a. m., respondent, Glen T. Pherson, was arrested by Officer Lawrence R. Carlson of the Bloomington Police Department for operating a motor vehicle while under the influence of an alcoholic beverage in violation of Minn. St. 1967, § 169.121. He was arrested on Interstate Highway No. 35-W, south of its intersection with Old Shakopee Road in Hennepin County.

Pherson was taken to the Bloomington police station where he was advised as to his rights with respect to a criminal charge under § 169.121 and with respect to the implied consent statute, Minn. St. 1967, § 169.123. Sergeant Nord requested that Pherson submit to a urine or breath test to determine the alcoholic content of his blood. A direct blood test was neither offered nor available. Pherson refused to take a breath or urine test.

On May 10, 1968, it was certified to the commissioner of highways that Pherson refused to take a chemical test to determine the alcoholic content of his blood and the commissioner, pursuant to § 169.123, subd. 4, revoked his driver's license for 6 months. Pherson demanded a hearing before the municipal court, which upheld the commissioner. On appeal, the district court ruled that the failure to offer a direct blood test meant no action could be taken against him for refusing to submit to a urine or breath test. The state appeals.

The issue presented in this appeal is identical to that decided in State, Department of Highways, v. McWhite, 286 Minn. 468, 176 N. W. (2d) 285. We affirm on the basis of the McWhite case.

Affirmed.